# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

IN THE MATTER OF:                         Case No. 20-43775

    Terisha Lynn Billy,                Hon. Maria L. Oxholm

    Debtor.                             Chapter 7

---

TERISHA LYNN BILLY,

    Plaintiff,

v.

                                   Adv. Prod. No. 20-04288

U.S. DEPARTMENT OF EDUCATION,
EDUCATIONAL CREDIT MANAGEMENT
CORPORATION and HENRY FORD
COLLEGE,

    Defendants.

---

## DEFENDANT ECMC'S FIRST SET OF INTERROGATORIES, REQUESTS FOR PRODUCTION OF DOCUMENTS, AND REQUESTS TO ADMIT TO PLAINTIFF

TO:  Terisha Lynn Billy

**PLEASE TAKE NOTICE THAT** Defendant, EDUCATIONAL CREDIT

MANAGEMENT CORPORATION ("ECMC"), pursuant to Rules 33, 34, and 36

of the Federal Rules of Civil Procedure, as made applicable by Bankruptcy Rules

7033, 7034, and 7036, propounds to Plaintiff, Terisha Lynn Billy ("Plaintiff") this

First Set of Interrogatories (the "Interrogatories"), Requests for Production of

Documents, and Requests to Admit ("the Requests") to be responded to under

oath within thirty (30) days after service hereof to the undersigned attorney, these

Interrogatories and Requests are continuing in nature, and are required to be supplemented if additional information is obtained prior to trial.

**PLEASE TAKE FURTHER NOTICE** that in case of refusal to admit, Defendant, will call upon the Court to impose sanctions provided by Rule 37(c) of the Federal Rules of Civil Procedure, as made applicable by Bankruptcy Rule 7037.

## DEFINITIONS

As used in the Interrogatories and Requests, the following terms are ascribed the following meanings, consistent with reason and good faith.

1. **"YOU," "YOUR," "DEBTOR," OR "PLAINTIFF"** means, Plaintiff in this action, Terisha Lynn Billy, and all persons acting or purporting to act on Plaintiff's behalf.

2. **DEFENDANT** means EDUCATIONAL CREDIT MANAGEMENT CORPORATION ("ECMC"), Defendant in this action, and all persons acting or purporting to act on their behalf, including but not limited to prior guarantor Michigan Guaranty Agency.

3. The terms **"document"** and **"documents"** include writings of any kind whatsoever, whether by hand or typewritten, an original or reproduction, and include, without limitation, letters, telegrams, telefax, memoranda, notes, bills, receipts, ledgers, contracts, and other legal documents, minutes, resolutions, diaries,

appointment books and desk calendars, charts, graphs, pamphlets or brochures, drawings, photographs, phono records, audio or video recording, motion picture film, microfilm or microfiche, any and all information stored on computer or computer tape or disk, and any request for documents herein shall include a request for the computer tape or disc upon which any responsive information is recorded, as well as any printout that has been generated by the use of such computer tape or disk, and other data compilations from which information can be obtained, translated, if necessary, through detection devices into reasonably usable form.

4.    The terms **"communication"** and **"communications"** include the transmission of facts, opinions, beliefs, and any other form of information or expression of thought between or among persons or entities or other rendition of such information or expression of thought by a person or entity to himself, itself, or to a file.

5.    The term **"Complaint"** means any complaint, amended complaint or subsequent amendment thereto filed by the Plaintiff in the above-captioned Adversary Proceeding.

6.    The term **"correspondence"** includes letters, notes, memoranda, telegrams, recordings, or any other record of a communication or communications.

7.    The term **"account"** shall include, without limitation, any savings

account, checking account, NOW account, lock box account, time deposit, money market account, certificate of deposit, Individual Retirement Account, 401K plan, directed investment, trust account, and any other account or depository of any nature whatsoever.

8. The term **"financial institution"** includes, but is not limited to, banks, both foreign and domestic, trust companies, savings and loan associations, federal savings banks, credit union, brokerage houses, investment bankers, money managers, trust funds, pools, depositories, and any other corporation, partnership, sole proprietorship, association, or other entity acting as a depository for money or providing fiscal services such as accounts.

9. The term **"school"** shall mean any educational facility or institution, college, university or institution of higher learning of any kind regardless of the nature and range of degrees or certificates offered.

10. The term **"identify"** shall include an identification of the address and telephone number for such person or entity. A request to identify an insurance policy or insurance coverage shall include a request to identify all documents evidencing or concerning said coverage.

# INTERROGATORIES

INTERROGATORY NO. 1:

Identify the person or persons answering these Interrogatories and the age and marital status of such person or persons.

**RESPONSE:**


INTERROGATORY NO. 2:

Identify all persons that Plaintiff may call as witnesses at trial and summarize his/her testimony.

**RESPONSE:**


INTERROGATORY NO. 3:

If Plaintiff is currently unemployed, state the following:

A.     Date when last employed.

B.     Efforts made since becoming unemployed in order to obtain employment.

C.     Identify each employment agency or service and each prospective employer Plaintiff has contacted to obtain employment since last becoming unemployed and the results of such efforts?

D.     If no efforts have been made to obtain employment, describe why no such efforts have been made.

**RESPONSE:**


INTERROGATORY NO. 4:

For each job Plaintiff has held in the last five (5) years, including Plaintiff's current job(s), if any, provide the following information:

A.     Dates worked for the employer.

B.     Employer name, address and telephone number.

C.     Position held and the duties performed for the employer.

D.     How wages are calculated (e.g. hourly, monthly, commission, tips, overtime, etc.) together with the hourly rate or total monthly salary.

E.     The number of hours worked per week.

F.     Gross and net monthly income, identifying each deduction made from the gross income.

G.     State the reason for termination.

**RESPONSE:**

INTERROGATORY NO. 5:

Identify any license that Plaintiff has obtained or held in the last ten (10) years that permits such Plaintiff to engage in a specific occupation or profession. State whether Plaintiff currently maintains these licenses and if not, why.

**RESPONSE:**


INTERROGATORY NO. 6:

Identify each person who is dependent upon Plaintiff for support; list the person's date of birth, source of income, and monthly amount of income. Include in the answer any child support, alimony, or maintenance paid on behalf of such dependent by another person or entity.

**RESPONSE:**


INTERROGATORY NO. 7:

If Plaintiff has any dependents who are presently employed, state the following:

    A.    Name of the employed dependent.

    B.    The employer's name, address and phone number.

    C.    The position held and the gross and net monthly compensation.

    D.    The number of hours worked per week.

**RESPONSE:**


<u>INTERROGATORY NO. 8:</u>

If Plaintiff has any dependents who are not presently employed, state the reason(s) for current unemployment, state the last date which they were employed, identify the employer at that time, and state the compensation and method of calculation of the pay such person earned prior to termination.

**RESPONSE:**


<u>INTERROGATORY NO. 9:</u>

Identify whether Plaintiff or any dependents suffer from any physical or mental disability. If so, provide the name of the person suffering from such disability, the nature of the disability, whether such disability is temporary or permanent, when the disability began, the nature of the treatment, the frequency of treatment, the source of payment for any such treatment, the name of the provider or providers of such treatment, the existence of any insurance to pay for such treatment and the extent of coverage, any governmental assistance available or actually being provided to pay for such treatment, including but not limited to Social Security Disability, and the cost of the treatment.

**RESPONSE:**


<u>INTERROGATORY NO. 10</u>:

Identify your living accommodations, including who owns the property, whether you rent or own, and whether anyone other than Plaintiff lives in Plaintiff's household.  For each, provide the following:

    A.    Name of each person.

    B.    Age of such person(s).

    C.    The annual amount of all income of such person(s), and the source of all income for each of the last three years.

    D.    An itemization of the items and amounts such person(s) pays for rent to Plaintiff or to others, or contributes to the payment of household expenses for each of the last three years.

**RESPONSE:**


<u>INTERROGATORY NO. 11</u>:

Identify any assistance or income Plaintiff has received from any source not listed in your bankruptcy schedules, including from charity or governmental body, in the past two years or is currently receiving, including the names of those sources of

income or assistance, the amount or nature of the assistance received, the dates such assistance was received and the date, if any, such assistance is to be terminated.

**RESPONSE:**

INTERROGATORY NO.12:

State specifically the nature and amount of any debts which Plaintiff has incurred since the filing of this bankruptcy case. Identify all documents relating to said debt(s).

**RESPONSE:**

INTERROGATORY NO. 13:

State both the *Adjusted Gross Income* on Plaintiff's federal tax returns and the amount, if any, of all federal and state tax refunds for the **past five (5) tax years.**

**RESPONSE:**

INTERROGATORY NO. 14:

Identify whether Plaintiff, or any of Plaintiff's dependents, hold or have held insurance of any kind. If so, state specifically the name of the insurer and the type

of insurance, and identify all documents evidencing said coverage.

**RESPONSE:**


<u>INTERROGATORY NO. 15:</u>

Provide the following information with respect to each school that Plaintiff

attended after high school, including any school Plaintiff is presently attending:

     A.     The name.

     B.     The dates of enrollment at each school.

     C.     The concentration of course or major field of study at each school.

     D.     Whether Plaintiff attended or is attending as a full-time, half-time or less than half-time student.

     E.     Nature of any degrees received or to be received from such school.

     F.     Source of payment for tuition at such school.

     G.     If Plaintiff withdrew prior to graduation, state the date of such withdrawal and the attempts, if any, Plaintiff made to notify the lender of the withdrawal, including the dates of such attempts.

**RESPONSE:**


<u>INTERROGATORY NO. 16:</u>

State any attempts Plaintiff has made to **repay** the student loans at issue in this

case, including the dates of such efforts, the individuals or entities that you

contacted, the results of those efforts and whether any deferral and/or forbearances were approved.

**RESPONSE:**


INTERROGATORY NO. 17:

State any attempts Plaintiff has made to **modify** the terms of the student loans at issue in this case, including whether Plaintiff has attempted to consolidate their loans through the William D. Ford Direct Loan program, and whether they have applied for repayment through any income-driven repayment plan and explain any decision not to seek administrative assistance in modifying or discharging said loans.

**RESPONSE:**


INTERROGATORY NO. 18:

Identify whether, since the filing of this bankruptcy case, Plaintiff has reaffirmed or otherwise agreed or promised to repay any debts that Plaintiff incurred prior to the filing of this bankruptcy case. If so, provide the name and address of each creditor to whom such obligation was owed, the nature and value or the collateral held by each such creditor, if any, the date any security interest or mortgage securing such

obligation was first fully attached and perfected, the amount Plaintiff reaffirmed or otherwise agreed or promised to repay, and Plaintiff's relationship by blood or marriage, if any, to the creditors.

**RESPONSE:**


INTERROGATORY NO. 19:

State whether Plaintiff has contacted any attorneys to investigate or commence any lawsuits against any person or entity and/or whether Plaintiff has settled any lawsuits or causes of action for which they are expected to be awarded any money or ownership or any property since this bankruptcy case was started. If so, identify the nature of the expected award.

**RESPONSE:**


INTERROGATORY NO. 20:

Identify the value of any money or property Plaintiff has inherited within the last ten (10) years.

**RESPONSE:**

## INTERROGATORY NO. 21:

Itemize the **Plaintiff's monthly expenses** for rent/mortgage payments, electricity, heat, water, phone service, cars, insurance, groceries, meals outside of household, medicine, clothing, child care, alimony, child support, loans, installment payments and discretionary expenses such as internet/cable or streaming services, smartphone or other mobile devices. Discretionary expenses also include, but are not limited to, cigarettes, entertainment (including gambling), furniture, jewelry, vacations, travel, gifts and charitable donations and identify whether Plaintiff expects any of the expenses listed to be reduced or paid in full over the next twelve (12) months. If so, identify the expense and the date of the expected reduction or payment in full.

**RESPONSE:**

## INTERROGATORY NO. 22:

**Itemize the source and amount of Plaintiff's total household income expected to be received over the next twelve (12) months**, including any income from self-employment, rent, partnerships, trusts or any other source. Identify all documents you utilized in answering this interrogatory.

**RESPONSE:**

## INTERROGATORY NO. 23:

Identify any adverse economic or financial changes Plaintiff or Plaintiff's dependents, if any, experienced after the student loan(s) in question were incurred.

**RESPONSE:**


## INTERROGATORY NO. 24:

With respect to Plaintiff's claim that repayment of the student loans will impose any undue hardship, state each and every circumstance that is believed to be applicable in this case that would result in an undue hardship if the educational loan debt in question is excepted from discharge in this case.

**RESPONSE:**


## INTERROGATORY NO. 25:

Identify whether Plaintiff has an **interest in any pension, individual retirement account, 401K or similar such retirement or savings plan**. If so, state specifically the nature of account and the terms thereof, the anticipated monthly benefit upon eligibility, and the expected date of retirement or eligibility.

**RESPONSE:**

## **REQUESTS FOR THE PRODUCTION OF DOCUMENTS**

These Requests are made in accordance with the provisions of Rule 7034 of the Federal Rules of Bankruptcy Procedure and upon the ground that all of the things, Documents and/or other evidence requested are not privileged, and are relevant to the subject matter of this action or reasonably calculated to lead to the discovery of admissible evidence herein.

REQUEST NO.1:

All Documents identified or evidencing Plaintiff's responses to the Interrogatories immediately above.

**RESPONSE:**


REQUEST NO. 2:

All Documents which constitute, memorialize, or evidence the financial status (income, expenses, assets and liabilities) of the Plaintiff during the past five (5) years. Such Documents shall include, but not be limited to, accounting books and records, **federal and state tax returns**, **for the past 5 years**, audits, W-2 forms, 1099 forms, pay stubs and any and all other financial records or reports of whatever description reflecting any part of the income, expenses, assets and liabilities of the Plaintiff. If Plaintiff is receiving or expect to receive Social Security Administration

benefits, provide all notice of award and benefit amount correspondence for all years received.

**RESPONSE:**


REQUEST NO. 3:

All documents that constitute memorialize, or evidence the **financial accounts** held by Plaintiff or in which you have an interest, including but not limited to, savings accounts, checking accounts, all credit and debit accounts, money market accounts, NOW accounts, IRAs, pension accounts, municipal bonds, account summaries, transaction details, fees paid, interest charged, withdrawals, or reports of whatever description reflecting any part of the income, expenses, assets and liabilities of the Plaintiff from the time the underlying bankruptcy case was filed to the time of the service of these discovery requests.

**RESPONSE:**

REQUEST NO. 4:

If Plaintiff claims that They and/or Their dependent(s) are experiencing physical or mental health problems which contribute to the existence of undue hardship, forward any and all copies of medical Documents in Their possession or obtainable from Their physician or hospital, which tend to substantiate the existence, extent and prognosis of those illnesses, injuries or physical (or mental) impairments which Their and/or Their dependent(s) allege to have, including any and all documentation submitted to or received from the Social Security Administration, and identify the treating physician, his/her address and phone number and dates of treatment. In addition, if Plaintiff has applied for the Department of Education's Total and Permanent Disability discharge, please provide all related documentation.

**RESPONSE:**


REQUEST NO.5:

If Plaintiff claims that Their and/or Their dependent(s) are experiencing physical or mental health problems which contribute to the existence of undue hardship, forward any Documents that tend to substantiate Their recurring monthly expenditures of whatever amount for doctor, dentist, therapist, medicine and

medical expenses.

**RESPONSE:**


REQUEST NO.6:

A copy of Plaintiff's Social Security Statements, which can be requested on line at:

http://www.ssa.gov/mystatement/

**RESPONSE:**


REQUEST NO.7:

All Documents regarding or relating to the student or educational loans for which

Plaintiff seeks a discharge.

**RESPONSE:**


REQUEST NO.8:

All Documents regarding or relating to any and all payments that Plaintiff has made

on the student or educational loan for which you seek a discharge.

**RESPONSE:**

REQUEST NO.9:

All Documents and correspondence received by Plaintiff or sent to Plaintiff regarding or relating to the student or educational loan for which Plaintiff seeks a discharge including any applications to the Total and Permanent Disability Program or the William D. Ford Direct Loan Program.

**RESPONSE:**

REQUEST NO. 10:

Any and all reports of an expert that Plaintiff intends to call at trial of this matter.

**RESPONSE:**

REQUEST NO. 11:

All documents regarding or relating to any insurance held by Plaintiff.

**RESPONSE:**

REQUEST NO. 12:

All documents regarding or relating to any and all income Plaintiff or Plaintiff's dependents received during the last five (5) years.

**RESPONSE:**

REQUEST NO. 13:

All documents regarding or relating to any job Plaintiff has held during the last five (5) years, including but not limited to any employment records.

**RESPONSE:**

REQUEST NO. 14:

All documents regarding or relating to any job Plaintiff has sought or applied for or attempted to get during the last five (5) years.

**RESPONSE:**

REQUEST NO. 15:

All leases, rental agreements and mortgages to which Plaintiff is a party.

**RESPONSE:**

REQUEST NO. 16:

All documents regarding any assets owned by Plaintiff or Plaintiff's dependents.

**RESPONSE:**

REQUEST NO. 17:

All documents regarding any liabilities of Plaintiff or Plaintiff's dependents.

**RESPONSE:**

REQUEST NO. 18:

Any and all documents that show, based upon Plaintiff's current income and expenses, that a minimal standard of living cannot be maintained if Plaintiff is forced to pay the Defendant's loans.

**RESPONSE:**

REQUEST NO. 19:

Any and all documents evidencing that Plaintiff's inability to maintain a minimal standard of living if Plaintiff is forced to pay Defendant's loans and which is likely to persist for a significant portion of the repayment period of the Defendant's student loans.

**RESPONSE:**

REQUEST NO. 20:

Any and all documents evidencing that Plaintiff has made a good faith effort to repay Defendant's student loan or loans.

**RESPONSE:**

REQUEST NO. 21:

All documents relating to all health and medical expenses Plaintiff incurred, on behalf of Plaintiff or Plaintiff's dependents, in the past five (5) years for which Plaintiff has been reimbursed by insurance.

**RESPONSE:**

REQUEST NO. 22:

All documents relating to any health and medical expenses Plaintiff has incurred, on behalf of Plaintiff or Plaintiff's dependents, in the past five (5) years for which Plaintiff has not been reimbursed by insurance.

**RESPONSE:**

REQUEST NO.23:

Each and every document Plaintiff intends to introduce as either an exhibit or evidence at the trial on this matter.

**RESPONSE:**

REQUEST NO. 24:

Copies of all stocks, bonds or other securities of any class which Plaintiff may own, including options to purchase securities.

**RESPONSE:**

REQUEST NO. 25:

All documents evidencing any interest Plaintiff has in any pension, individual retirement, 401K, or any similar such retirement or savings plan or fund.

**RESPONSE:**

REQUEST NO. 26:

All promissory notes held by Plaintiff and all other Documents evidencing any money owed to Plaintiff either now or in the future.

**RESPONSE:**

REQUEST NO. 27:

All trust agreements in which Plaintiff is named as trustor, trustee or beneficiary.

**RESPONSE:**

<u>REQUEST NO. 28</u>:

All documents evidencing any interest Plaintiff has in real estate.

**<u>RESPONSE:</u>**

<u>REQUEST NO. 29</u>:

All documents reflecting the fair market value and outstanding security interest or other liens on any properties identified in documents produced pursuant to Document Request No. 28.

**<u>RESPONSE:</u>**

<u>REQUEST NO. 30</u>:

All documents evidencing any interest Plaintiff has in any patent, copyright, invention or any royalties therefrom.

**<u>RESPONSE:</u>**

## REQUESTS TO ADMIT

REQUEST TO ADMIT NO. 1:

Admit that ECMC is the guarantor and holder of Plaintiff's student loan.

**RESPONSE:**


REQUEST TO ADMIT NO. 2:

Admit that, pursuant to the terms of the Promissory Note, the holder is entitled to

add additional costs to the principal and interest due on the Promissory Note.

**RESPONSE:**


REQUEST TO ADMIT NO. 3:

Admit that Plaintiff is not partially disabled.

**RESPONSE:**


REQUEST TO ADMIT NO. 4:

Admit that Plaintiff is not totally disabled.

**RESPONSE:**

## REQUEST TO ADMIT NO. 5:

Admit that Plaintiff is not permanently disabled.

## RESPONSE:

## REQUEST TO ADMIT NO. 6:

Admit that repayment of the subject loans will not impose an undue hardship on Plaintiff or any dependent during a significant portion of the repayment term of the subject loan.

## RESPONSE:

## REQUEST TO ADMIT NO. 7:

Admit that Plaintiff voluntarily accepted and spent the funds that were provided to you through the subject loans for Plaintiff's personal educational benefit and with full knowledge and acceptance of the loan terms and obligations.

## RESPONSE:

## REQUEST TO ADMIT NO. 8:

Admit that the possibility exists that Plaintiff can obtain employment that will allow you to increase your net monthly income.

**RESPONSE:**


<u>REQUEST TO ADMIT NO. 9</u>:

Admit that the possibility exists that Plaintiff can obtain employment that will allow Them to repay the student loans in question and maintain a minimal standard of living.

**RESPONSE:**


<u>REQUEST TO ADMIT NO. 10</u>:

Admit that Plaintiff can maintain a minimal standard of living for Themselves and any dependents Plaintiff may have if forced to repay the loans.

**RESPONSE:**


Respectfully submitted,

By:  /s/Madeline E. Leamon
     Madeline E. Leamon (P837007)
     Brooks Wilkins Sharkey & Turco PLLC
     401 Old South Woodward, Suite 400
     Birmingham, MI 48009
     (248) 971-1712
     leamon@bwst-law.com
Dated: February 23, 2022     Attorney for ECMC

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

IN THE MATTER OF:                                      Case No. 20-43775
     Terisha Lynn Billy,                         Hon. Maria L. Oxholm
     Debtor.                                                 Chapter 7

---

TERISHA LYNN BILLY,
     Plaintiff,

v.
                             Adv. Prod. No. 20-04288

U.S. DEPARTMENT OF EDUCATION,
EDUCATIONAL CREDIT MANAGEMENT
CORPORATION and HENRY FORD
COLLEGE,
     Defendants.

---

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 23, 2022, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to all counsel of record.

By:    /s/Madeline E. Leamon
         Madeline E. Leamon (P837007)
         Brooks Wilkins Sharkey & Turco PLLC
         401 Old South Woodward, Suite 400
         Birmingham, MI  48009
         (248) 971-1800
         leamon@bwst-law.com
         Attorney for ECMC